UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CLUB ALIANTE HOMEOWNERS ASSOCIATION and 7505 JAVA SPARROW TRUST,<br><br>    Defendants. | Case No. 2:15-cv-00196-APG-GWF<br><br>**ORDER (1) GRANTING JAVA SPARROW'S MOTION TO DISMISS and (2) DENYING CLUB ALIANTE'S MOTION TO DISMISS**<br><br>(ECF Nos. 20, 23) |

  This is a dispute over property located at 7505 Java Sparrow Street in North Las Vegas. Plaintiff Nationstar Mortgage, LLC held a senior deed of trust encumbering the property and intends to foreclose because the former owner has stopped making mortgage payments. However, defendant Club Aliante Homeowners Association previously foreclosed on a homeowners association ("HOA") lien after the property owners did not pay their HOA assessments. Club Aliante purchased the property at the HOA foreclosure sale and then sold the property to defendant 7505 Java Sparrow Trust. Nationstar seeks to quiet title to the property, contending that the HOA foreclosure sale did not extinguish its deed of trust. ECF No. 12. Nationstar also asserts a claim for unjust enrichment. *Id.* Defendants Club Aliante and Java Sparrow separately move to dismiss.

  I grant Java Sparrow's motion to dismiss because Nationstar has not plausibly alleged that title should be quieted in Nationstar's favor, and thus Nationstar also has not plausibly alleged that Java Sparrow has been unjustly enriched. However, I grant leave for Nationstar to amend. I deny Club Aliante's motion to dismiss because it is a proper party to a quiet title claim if Nationstar can adequately allege such a claim, and Nationstar has alleged that if the HOA sale is set aside, then Club Aliante unjustly retained income derived from the property.

////

## I. BACKGROUND

The property was owned by Willy Ayuste and Emilynda Ayuste and was encumbered by a deed of trust in the amount of $426,400.00 that eventually was transferred to Nationstar. ECF No. 12-1 at 2-3; ECF No. 12-2. In 2010, Club Aliante recorded a notice of delinquent assessment lien because the owners failed to pay their HOA assessments. ECF No. 12-3. Club Aliante later recorded a notice of default and election to sell and a notice of foreclosure sale. ECF Nos. 12-4, 12-5. The property was sold at public auction in October 2011 to Club Aliante for $9,692.58. ECF No. 12-6. Club Aliante quitclaimed the property to Java Sparrow in November 2011. ECF No. 12 at 5.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Defendant Java Sparrow's Motion to Dismiss (ECF No. 23)

Defendant Java Sparrow argues that the Supreme Court of Nevada's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014) (en banc) resolves as a matter of law that Nationstar's deed of trust was extinguished by the HOA foreclosure sale. Java Sparrow also argues Nationstar does not allege any facts showing why the presumption that title rests in Java Sparrow could be overcome. Finally, Java Sparrow argues there was no unjust enrichment because Java Sparrow legally acquired title to the property at the HOA sale.

Nationstar responds that under *SFR*, only a properly conducted HOA sale extinguishes a deed of trust. Nationstar alleges the HOA sale is defective because proper notice was not given and the sale was not commercially reasonable. Nationstar also argues its unjust enrichment claim should not be dismissed because Java Sparrow improperly retained title to the property and collected rent.

### 1. Quiet Title

Under Nevada law, any person may bring a claim against others who claim an estate or interest in real property "for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. In an action under § 40.010 to quiet title to real property, "each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (en banc) (quotation omitted).

The amended complaint alleges the HOA sale did not extinguish the deed of trust because the notices recorded by the HOA did not provide certain information, such as that a super priority lien was being foreclosed or its amount, where to pay the super priority amount, or that the deed of trust might be extinguished. ECF No. 12 at 5. However, none of these allegations supports setting aside the HOA sale. *See Nationstar Mortgage LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016); *SFR*, 334 P.3d at 418.

The amended complaint also alleges the sale was commercially unreasonable because the price paid was a fraction of the unpaid balance on the note. ECF No. 12 at 5. The Supreme Court of Nevada recently clarified that under Nevada law, "courts retain the power to grant equitable relief from a defective [HOA] foreclosure sale when appropriate . . . ." *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1110-12 (Nev. 2016) (en banc). "[D]emonstrating that an association sold a property at its foreclosure sale for an inadequate price is not enough to set aside that sale; there must also be a showing of fraud, unfairness, or oppression." *Id.* at 1112 (citing *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982));

*see also Golden v. Tomiyasu*, 387 P.2d 989, 994-95 (Nev. 1963) (adopting the rule that "inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale legally made; there must be in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price"). Nationstar has alleged a low price but it has not alleged factual allegations of fraud, unfairness, or oppression that accounts for the inadequate price.

Finally, the amended complaint alleges that the sale "was not calculated to promote an equitable sale price[] for the property or to attract proper [prospective] purchasers," and "was designed and/or intended to result in maximum profit for . . . Club Aliante [and its foreclosing agent] without regard to the rights and interests of those who have an interest in the loan . . . ." ECF No. 12 at 6-7. This is a conclusion that contains no factual support in the amended complaint. There are no factual allegations about how the sale was advertised or conducted.

Nationstar has not plausibly alleged a basis to void the HOA sale and quiet title in itself. I therefore dismiss this claim, with leave to amend to add factual allegations in support of a quiet title claim if Nationstar has a basis to do so.

### 2. Unjust Enrichment

Nationstar has not plausibly alleged a quiet title claim, and thus it also has not plausibly alleged an unjust enrichment claim against Java Sparrow because its unjust enrichment claim is based on Java Sparrow unjustly retaining the property and income derived from the property. I therefore dismiss this claim with leave to amend.

**B. Defendant Club Aliante's Motion to Dismiss (ECF No. 20)**

Club Aliante argues that Nationstar's quiet title claim against it must be dismissed because it does not claim a present interest in the property. Additionally, Club Aliante argues that it was not unjustly enriched because it retained funds due and owing for unpaid assessments.

Nationstar responds that it seeks to set aside the HOA sale and restore the property's title to the status quo prior to the sale, which would include Club Aliante holding a senior lien against the property for unpaid assessments. Thus, Nationstar contends, the HOA is a proper party to this

action. Nationstar also argues that Club Aliante was unjustly enriched because it failed to give Nationstar adequate notice of the sale, failed to attract sufficient bidders, sold the property for a fraction of its value, and then retained all proceeds from the sale above and beyond its superpriority lien amount. Nationstar also argues Club Aliante then sold the property to Java Sparrow for over $7,000.00 despite Club Aliante not rightfully owning the property.

### 1. Quiet Title

I have already determined that Nationstar's quiet title claim fails to state a basis for voiding the HOA sale. However, I address Club Aliante's separate arguments because I have also granted Nationstar leave to amend. Rather than have Club Aliante raise similar arguments in response to an amended complaint, I will address Club Aliante's motion.

Nationstar challenges the validity of the sale that Club Aliante conducted and the corresponding validity of the title that Club Aliante acquired and then quitclaimed to Java Sparrow. If the HOA foreclosure sale is invalidated, then Club Aliante's super priority lien might be reinstated as an encumbrance against the property. "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). Additionally, if Nationstar "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id.* Thus, if Club Aliante is dismissed as a party, Nationstar would not be able to secure the complete relief it seeks. *See id.*; Fed. R. Civ. P. 19(a). Accordingly, Club Aliante is a proper party to Nationstar's quiet title claim (assuming Nationstar is able to plausibly allege one), and I deny its motion to dismiss on this basis. *See Ascente Homeowners Ass'n*, 2015 WL 8780157, at *1-2; *Bank of Am. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-1042-APG-PAL, 2015 WL 6163452, at *2 (D. Nev. Oct. 19, 2015).

### 2. Unjust Enrichment

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such

benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012).

The amended complaint alleges that Club Aliante "obtained real property secured by a senior deed of trust in the amount of $426,400.00 for the inequitable purchase price of $9,692.58." ECF No. 12 at 7. If the sale is set aside, then Club Aliante will not be unjustly enriched by obtaining the property because the property will be returned to the status quo before the HOA sale. If the sale is not set aside, then Club Aliante has not been enriched unjustly by obtaining the property because the sale will have been found to be proper. Consequently, this allegation cannot support an unjust enrichment claim.

However, Nationstar also alleges Club Aliante obtained income from the property. *Id.* at 7. If the HOA sale is set aside, any rent or other income Club Aliante may have collected in the one month it owned the property would constitute unjust enrichment. Taking this allegation as true, I deny Club Aliante's motion to dismiss this claim.

Nationstar argues in its opposition that Club Aliante retained more than the superpriority amount when it sold the property, and thus was unjustly enriched by not properly distributing the sale proceeds in order of priority. There are no allegations in the amended complaint about how Club Aliante distributed the proceeds and Nationstar's unjust enrichment claim does not mention improper distribution as a basis for this claim. Nationstar also argues Club Aliante sold the property to Java Sparrow for over $7,000.00. However, the amended complaint states only that Club Aliante quitclaimed the property to Java Sparrow. ECF No. 12 at 5. It does not state that Club Aliante received any money in return. None of the exhibits attached to the amended complaint provides this information either. If Nationstar seeks to recover on either of these theories, it must plead facts in support in an amended complaint.

### C. Jurisdiction

In its amended complaint, Nationstar does not allege the citizenship of its own members. Instead, it alleges its citizenship based on where it was organized and has its principle place of

business. ECF No. 12 at 1. However, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nationstar also does not allege the citizenship of 7505 Java Sparrow Trust's members. ECF No. 12 at 2. Depending on what type of entity Java Sparrow is, its citizenship may be determined by its members' citizenship. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015-16 (2016) (stating that for diversity purposes, an unincorporated entity "possesses its members' citizenship" and that may include trusts that are unincorporated entities capable of suing and being sued in their own names under applicable state law).

Nationstar may allege on information and belief that the parties are diverse where "information necessary to establish the diversity of the citizenship of [a] defendant[ is] not reasonably available to" Nationstar. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014). But Nationstar should be able to accurately allege its own citizenship. Additionally, I remind Nationstar that it will have to prove by a preponderance of the evidence, either at or before summary judgment, that diversity jurisdiction exists in this action or the case will be dismissed for lack of subject matter jurisdiction. *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012).

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant 7505 Java Sparrow Trust's motion to dismiss **(ECF No. 23) is GRANTED**.

IT IS FURTHER ORDERED that defendant Club Aliante Homeowners Association's motion to dismiss **(ECF No. 20) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Nationstar Mortgage, LLC shall file an amended complaint correcting the deficiencies identified in this order, if it can do so, on or before August 19, 2016. Failure to file an amended complaint by this date, will result in this case being dismissed without prejudice.

DATED THIS 22nd day of July, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE