**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>  Plaintiff<br><br>v.<br><br>CLUB ALIANTE HOMEOWNERS ASSOCIATION, et al.,<br><br>  Defendants | Case No.: 2:15-cv-00196-APG-EJY<br><br>**Order (1) Granting Nationstar's Motion for Summary Judgment, (2) Denying Trust's Motion for Summary Judgment, (3) Dismissing as Moot Nationstar's Damages Claims Against Club Aliante and NAS, and (4) Denying as Moot Club Aliante's Motions to Dismiss and for Summary Judgment**<br><br>[ECF Nos. 62, 74, 75, 76] |

Plaintiff Nationstar Mortgage, LLC sues to determine whether a deed of trust still encumbers property located at 7505 Java Sparrow Street in North Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Club Aliante Homeowners Association (Club Aliante). Nationstar seeks a declaration that the HOA sale did not extinguish the deed of trust and it asserts alternative damages claims against Club Aliante and Club Aliante's foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Club Aliante took title to the property at the foreclosure sale and later quitclaimed it to defendant 7505 Java Sparrow Trust (Trust), which is the current property owner.

Nationstar, Trust, and Club Aliante move for summary judgment on a variety of grounds. The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motion. I deny Trust's motion and grant Nationstar's motion because no genuine dispute remains that tender was excused due to NAS's known policy of rejecting payments of the superpriority amount. Because the HOA sale did not extinguish the deed of trust, I dismiss as

moot Nationstar's damages claims against Club Aliante and NAS, and I deny as moot Club Aliante's motions to dismiss and for summary judgment.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The Supreme Court of Nevada recently held that tender is excused if the HOA's agent "had a known policy of rejecting any payment for less than the full lien amount . . . ." *7510 Perla Del Mar Ave Trust v. Bank of Am., N.A. (Perla)*, 458 P.3d 348, 351 (Nev. 2020) (en banc). Excuse of tender, like tender itself, cures the default of the superpriority portion of the lien by operation of law. *Id.* at 350 n.1.

In this case, there is no genuine dispute that at the time of this sale, NAS had a policy that it would not accept a check for only nine months of assessments that was accompanied by a letter containing conditional language.  There also is no genuine dispute that Bank of America, who was the loan servicer during the time the HOA was conducting its foreclosure proceedings in this case, knew about this policy through communications its agent had with NAS.  *See, e.g.*, ECF Nos. 74-9 at 6, 20-23, 44-55, 59-60, 76-77; 74-11 at 10-16, 20, 24; 74-12 at 9; 74-13 at 7-8; 74-14; *see also Strohecker v. Mut. Bldg. & Loan Ass'n of Las Vegas*, 34 P.2d 1076, 1077 (Nev. 1934) (stating that under Nevada law, an agent's knowledge obtained while the agent was acting in the course and scope of employment and authority is imputed to the principal).  "As a result, [Bank of America] was excused from making a formal tender in this instance because, pursuant to NAS's known policy, even if the Bank had tendered a check for the superpriority portion of the lien, NAS would have rejected it." *Perla*, 458 P.3d at 352.  Consequently, Bank of America "preserved its interest in the property such that [Trust] purchased the property subject to the Bank's first deed of trust." *Id.*

Because the HOA sale did not extinguish the deed of trust, I grant Nationstar's motion for summary judgment against Trust and deny Trust's motion.  I dismiss as moot Nationstar's alternative damages claims against Club Aliante and NAS, and I deny as moot Club Aliante's motions to dismiss and for summary judgment.

## II.  CONCLUSION

I THEREFORE ORDER that defendant 7505 Java Sparrow Trust's motion for summary judgment **(ECF No. 75) is DENIED**.

I FURTHER ORDER that plaintiff Nationstar Mortgage, LLC's motion for summary judgment **(ECF No. 74) is GRANTED**.  The clerk of court is instructed to enter judgment in

favor of plaintiff Nationstar Mortgage, LLC and against defendant 7505 Java Sparrow Trust as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Club Aliante Homeowners Association on October 7, 2011 did not extinguish the deed of trust and the property located at 7505 Java Sparrow Street in North Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Nationstar Mortgage, LLC's alternative damages claims against defendants Club Aliante Homeowners Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Club Aliante Homeowners Association's motions to dismiss and for summary judgment **(ECF Nos. 62, 76) are DENIED as moot**.

I FURTHER ORDER the clerk of court to enter judgment consistent with this order and to close this case.

DATED this 2nd day of November, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE