FILED

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | No.   20-17336 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-00196-APG-EJY |
| v. | |
| 7505 JAVA SPARROW TRUST, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| CLUB ALIANTE HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted November 15, 2021[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

7505 Java Sparrow Trust ("the Trust") appeals the district court's grant of summary judgment to Nationstar Mortgage, LLC.  This case arises from a non-judicial foreclosure sale to satisfy a homeowners' association ("HOA") superpriority lien, conducted by the HOA's agent, Nevada Association Services ("NAS").  At the time of the foreclosure sale, Bank of America, N.A. ("BANA") was the authorized loan servicer for this property.  Nationstar is the current authorized loan servicer of the deed of trust that secured the original homeowners' loan to purchase the property.  Nationstar sought a declaration that the HOA sale by NAS to the Trust did not extinguish the deed of trust securing the original purchase.

Ordinarily under Nevada state law, when a bank tenders payment of the full superpriority amount to an HOA before an HOA foreclosure sale, the tender discharges the superpriority lien.  *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018).  The Nevada State Supreme Court recently held, however, that when NAS had a known policy of rejecting tendered payments, BANA was excused from making a formal tender.  *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A. ("Perla")*, 458 P.3d 348, 351–52 (Nev. 2020).

In granting summary judgment to Nationstar, the district court in this case relied on *Perla* and the evidence in the record in that case—which was also before the court in this case. It showed that: (1) at the time of this sale, NAS had a policy of rejecting checks for the superpriority portion of the lien; (2) BANA knew about this policy; and (3) BANA was excused from making formal tender in this instance.

Appellants contend that *Perla* established only that there was a policy and BANA was aware of that policy between early 2012 and July 2013. In this case NAS mailed the notice of delinquent assessment lien for the property in July 2010, and the sale occurred in October 2011. Assuming for the sake of argument that July 2010 through October 2011 is the relevant time period for this case, the record contains ample evidence of NAS's rejections of formal tenders and BANA's awareness of this policy during that time.

For example, David Stone—the founder, CEO, and owner of NAS—testified that NAS's policy was to reject formal tender from 2010–2014. Susan Moses—the paralegal and custodian of records at NAS—confirmed in her testimony that NAS refused formal tender sent by Miles, Bauer, Bengstrom & Winters, LLP ("Miles Bauer") in 2011. BANA's counsel at the time, Miles Bauer, submitted affidavits

showing that NAS rejected formal tenders between March 2011 and November 2011.

A subsidiary of BANA filed a lawsuit in January 2011 against numerous homeowners' associations and their trustees, including NAS, asserting that it tendered payments that would satisfy the superprority lien, but the trustees were rejecting those payments. Thus not only did BANA know about NAS's policy during the relevant time frame, but one of its subsidiaries also took legal action to attempt to address the problem.

Appellants also contend *Perla* does not control here because BANA made no attempt to tender the superpriority portion of the lien for the property at issue in this case. This argument is contrary to the opinion in *Perla* itself, because the Nevada Supreme Court held that the tender requirement is waived when a party entitled to payment had a known policy of rejecting such payments. *Perla*, 458 P.3d at 351. Accordingly, no attempted tender was required.

The district court correctly granted summary judgment to Nationstar.

**AFFIRMED.**